NO. 12-00-00332-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LARRY ANDERSON,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Larry Anderson ("Appellant") appeals his conviction for possession of a prohibited weapon. 
The indictment alleged that he intentionally and knowingly possessed a rifle with a barrel length of less
than sixteen inches. After a hearing on a motion to suppress the evidence, which alleged the search of
Appellant's vehicle was illegal, the trial court denied the motion. Thereafter, Appellant entered a guilty
plea pursuant to a plea bargain agreement. The trial court assessed a ten-year sentence and a $500.00
fine. However, the trial court suspended the imposition of sentence and placed Appellant on probation. 
Appellant filed a notice of appeal and his sole issue is that the trial court erred by denying his motion
to suppress. We affirm. 

 Tyler police officer Stacey Cunningham ("Cunningham") was dispatched to a residence after
a 9-1-1 hang-up call. Her backup was Officer Tommy Lewis ("Lewis"). Cunningham met a woman
named Ms. Birdow at the residence. Appellant, who had previously left, returned shortly thereafter. He
spoke first with Lewis. After a brief investigation, Cunningham arrested Birdow on an assault charge
for cutting Appellant with a knife.

 After Birdow's arrest, she told Cunningham that she was afraid of Appellant because he was
known to carry guns. Appellant confirmed that he had guns in his truck. Lewis searched the truck and
found a 12-gauge shotgun, a .22 caliber rifle and another rifle. One of the rifles had a barrel shorter than
sixteen inches. Consequently, Appellant was arrested for carrying a prohibited weapon. 

 In his sole issue, Appellant contends the trial court erred in denying the motion to suppress the
evidence seized in the search of his vehicle. Specifically, Appellant argues that the seizure of the
weapon resulted from a warrantless search without probable cause or consent. On appeal, the State
contends that the search was a weapons search or, alternatively, a consent search. The record reveals
that the consent issue was raised when Cunningham testified that Appellant had given his consent to
search. We have reviewed the record and find that Cunningham's testimony is uncontradicted.

 We generally review a trial court's ruling on a motion to suppress for abuse of discretion.
Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Strickland v. State, 923 S.W.2d 617,
620 (Tex. App.-Houston [1st Dist.] 1995, no pet.). We afford almost total deference to the trial court's
fact findings, as we review the evidence in the light most favorable to the trial court's ruling. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Because we do not determine credibility, our de
novo review of authority to consent, reasonable suspicion, and probable cause, mixed questions of law
and facts, becomes a de novo review of legal questions. Ornelas v. United States, 517 U.S. 690,
697-99, 116 S. Ct. 1657, 1662-63, 134 L. Ed. 2d 911 (1996); Guzman, 955 S.W.2d at 87-89. On appeal
we are limited to determining whether the trial court erred in applying the law to the facts. Id. We will
sustain a trial court's ruling that evidence is admissible if there is any basis to support it. Carter v.
State, 700 S.W.2d 289, 291 (Tex. App.--Dallas 1985, pet. dism'd). Therefore, if the record shows a
reasonable basis for denying a motion to suppress, we will uphold the trial court's ruling, even if
grounds for denying the motion were erroneous. Id.

 Here, the trial court did not state the basis for its ruling. Cunningham's testimony was
uncontradicted. The trial court was entitled to believe Cunningham's version of the events. We hold
the record does support an implied finding that Appellant freely and voluntarily consented to the search. 
Therefore, the trial court did not abuse its discretion in denying the motion. Appellant's issue is
overruled, and the judgment of the trial court affirmed.


 JIM WORTHEN 

 Justice

Opinion delivered October 9, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)